# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JAMES E. WHITNEY                                                                            PLAINTIFF
ADC #163817

v.                                        Case No. 5:16-cv-00353 KGB/JTK

WENDY KELLEY, *et al.*                                                                    DEFENDANTS

## ORDER

The Court has received Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 62). Plaintiff James E. Whitney filed objections to the Proposed Findings and Recommendations, but his objections were untimely filed (Dkt. No. 70). However, even if the Court treated Mr. Whitney's objections as timely filed, after a review of the Proposed Findings and Recommendations and Mr. Whitney's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety (Dkt. No. 62). To the extent that Mr. Whitney moves to disqualify Judge Kearney (Dkt. No. 70, at 4), the Court denies his request. *See United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994) ("'[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they reveal a deep-seated favoritism or antagonism that would make fair judgment impossible.'")); *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) ("Judicial rulings rarely establish a valid basis for recusal.").

It is therefore ordered that:

1.      Separate defendants Laquista Swopes, Lisa Childress, and Faron Clemmons' motion for summary judgment is granted in part and denied in part (Dkt. No. 37).

2.	Mr. Whitney's retaliation and excessive force claims against Officer Swopes, Sergeant Childress, and Lieutenant Clemmons are dismissed without prejudice, for failure to exhaust administrative remedies.

3.	To the extent that Mr. Whitney attempts to bring a claim based on Sergeant Childress or any other defendants' alleged interference with his grievances, his claim is dismissed with prejudice.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (alteration in original) (quoting *Azeez v. DeRobertis*, 568 F. Supp. 10 (N.D. Ill. 1982)) ("'[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'")).

It is so ordered this 27th day of June, 2017.


_____
Kristine G. Baker
United States District Judge

2