# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES E. WHITNEY,
ADC #163817                                                                                           PLAINTIFF

5:16CV00353-KGB-JTK

WENDY KELLY, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.   Introduction

Plaintiff James Whitney is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging retaliation, excessive force, and retaliatory disciplinary claims against Defendants Swopes, Childress, Clemmons, and Ryas (originally identified as Ryan) (Doc. No. 27).[1] Defendants Kelley, Perkins and Ryas previously were dismissed (Doc. Nos. 100, 101, 146). The retaliation and excessive force claims against Defendants Swopes, Childress and Clemmons, and the grievance claim against Childress, also were dismissed (Doc. No. 102).

This matter is before the Court on the Motion for Summary Judgment filed by remaining Defendants Swopes, Childress, and Clemmons (Doc. No. 131). Plaintiff filed a Response in opposition to the Motion (Doc. No. 153),

## II.   Amended Complaint

Plaintiff claimed Defendant Swopes filed disciplinary charges against him in retaliation for

---

[1] This Court granted in part Plaintiff's Motion to Amend his Complaint, as to his claims against these four originally-named Defendants, by Order dated January 19, 2017 (Doc. No. 24).

2

grievances he filed on November 6, 2016. (Doc. No. 27) This followed an incident which occurred that same day while Plaintiff worked in the kitchen. Plaintiff claimed Defendant Swopes did not file the disciplinary charges against him until after he submitted his grievances to Defendant Childress, who should have known that Swopes' actions were unlawfully retaliatory. As the senior staff member on duty that day, Defendant Clemmons also should have known that Swopes tended to retaliate against inmates who exercised their first amendment rights.

### III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendants ask the Court to dismiss Plaintiff's remaining retaliatory disciplinary claim against them, stating that they are protected by qualified immunity, because the evidence shows that the disciplinary charges filed against Plaintiff were supported by "some evidence."

3

According to Defendant Swopes' affidavit, on November 6, 2016, while working in the kitchen under Swopes' supervision, Whitney threw metal pots and pans across the room, creating unnecessary noise and denting the pans he threw (Doc. No. 133-2).  Swopes confronted Whitney about his conduct, ordered him to return to his barracks, and charged him with violating three rules. (Id., p. 2; Doc. No. 133-4; pp. 3-4).  Later, Swopes located Plaintiff in the Varner Super Max Unit (not his barracks) and charged him with another disciplinary violation for disobeying her order to return to his barracks. (Doc. No. 133-2, p. 2; Doc. No. 133-4, pp. 9-10).  Following disciplinary hearings, Plaintiff was found guilty of creating excessive noise as a result of the first charges filed against him, and out of place of assignment, assault, and failure to obey order of staff as a result of the second set of charges filed against him. (Doc. Nos. 133-4, pp. 12-14, No. 133-5) Based on this evidence, Defendants state that Plaintiff cannot support his retaliation claim against them.

In response, Plaintiff claims summary judgment is not appropriate because of several disputed issues of material fact, and that Defendants failed to provide him with adequate responses to his discovery requests.[2]  He claims the disciplinary hearing officer denied him due process during his hearings because he was not allowed to call witnesses, and that the reasons given for the disciplinary charges against him were a pretext for the Defendants' retaliation.[3]  He also claims Defendant Swopes filed the disciplinary charges against him only after he filed grievances against her.

Qualified immunity protects officials who act in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly

---

[2] This issue was resolved in prior Court orders (Doc. Nos. 105, 155).
[3] Plaintiff's due process allegation is not an issue in this case.

4

established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[4] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

To support a claim of retaliation against Defendants, Plaintiff must show that he exercised a constitutionally protected right, that Defendants disciplined him, and that the exercise of the constitutional right motivated the discipline. Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007). However, a retaliatory discplinary claim fails if the prisoner violated prison rules, and Defendants only need to show "some evidence " of a rules violation to prevail.

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008).

In this case, Defendants rely on the fact that some evidence supported Plaintiff's disciplinary convictions, based on the statements from the charging officer. (Doc. Nos. 133-4, p. 14; 133-5, p. 3). And a witnessing officer's violation report is considered to be "some evidence." Superintendent v. Hill, 472 U.S. 445, 456 (1985). Therefore, even if the disciplinary charges were filed against Plaintiff after he submitted the grievances about the incidents (which is in dispute), sufficient evidence existed to support his convictions and to preclude his retaliation claim.

In further support of their Motion, Defendants offer as evidence a video of the kitchen incident (Doc. No. 133-3). The soundless video shows Plaintiff standing at a sink in the kitchen, tossing numerous pots and pans somewhere off to the left of the screen. It also shows Defendant Swopes approaching Plaintiff and speaking with him. As the Eighth Circuit Court of Appeals recently held, "'When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" White v. Jackson, 865 F.3d 1064, 1077 (2017) (quoting Scott v. Harris, 550 U.S. 372 (2007)). Therefore, to the extent Plaintiff disputes Defendants' version of the facts, the video of the kitchen incident tells a different story. In light of all the evidence presented, the Court finds that Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that the Motion for Summary Judgment filed by remaining Defendants Childress, Clemmons, and Swopes (Doc. No. 131) be GRANTED, and

Plaintiff's complaint against Defendants be DISMISSED.

IT IS SO RECOMMENDED this 4th day of October, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE